Porter WILSON et al.,
Plaintiffs,

v.

NEW YORK TERMINAL WAREHOUSE
COMPANY, INC., et al.,
Defendants.

NYTCO SERVICES, INC., Defendant
and Third-Party Plaintiff,

v.

J. E. McDONALD, Third-
Party Defendant.

Civ. A. No. 75–73–N.

United States District Court,
M. D. Alabama, N. D.

Sept. 12, 1975.

Powell & Sikes, Andalusia, Ala., for plaintiffs.

Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for Merrill Lynch, Pierce, Fenner & Smith.

Ball, Ball, Matthews & Lamar, Montgomery, Ala., and Tipler, Fuller &

**1380**

Barnes, Andalusia, Ala., for New York Terminal Warehouse Company and NYTCO.

W. H. Baldwin, Andalusia, Ala., for Morrie E. Rabren.

Albrittons & Rankin, Andalusia, Ala., for Commerical Bank of Andalusia.

ORDER

VARNER, District Judge.

Plaintiffs' motion to remand in the above-styled cause filed herein March 14, 1975, is now presented. This action was removed to this Court March 13, 1975, from the Circuit Court of Covington County, Alabama, upon petition of Defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc., a corporation [hereinafter Merrill Lynch]. There being an absence of complete diversity in this cause for the reason that Plaintiffs and some Defendants are citizens and residents of the State of Alabama, right to removal was claimed pursuant to 28 U.S.C. § 1441(c):

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

If at any time before final judgment it appears that removal was improvident and without jurisdiction, it is the duty of this Court to remand the cause to the Circuit Court of Covington County, as provided by 28 U.S.C. § 1447(c):

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

The threshold question for determination herein is whether or not Merrill Lynch properly removed under § 1441(c). The leading case on the question of what constitutes "a separate and independent claim or cause of action, which would be removable if sued upon alone" within the meaning of the section is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In that case, the Supreme Court enunciated the following test:

"* * * we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocking series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)." 341 U.S. at 14, 71 S.Ct. at 540.

The Court also noted that "[t]he Congress, in the revision [of removal provisions which produced the present § 1441(c)], carried out its purpose to abridge the right of removal." 341 U.S. at 10, 71 S.Ct. at 538.

Consideration of the *Finn* test as applied by the lower courts convinces this Court that there was no separate and independent claim stated against Merrill Lynch in Plaintiffs' complaint and, thus, no claim sufficient to support removal. By reason of this determination, the Court does not reach the question of the effect upon its jurisdiction of the dismissal of Merrill Lynch from the suit and its motion to withdraw its removal petition.

The original complaint in this action is in 12 counts stated against differing Defendants or groups of Defendants. Counts 1 through 6 charge Defendants other than Merrill Lynch with negligence, breach of contract, conversion and misrepresentation in connection with the disappearance of 143,000 bushels of soybeans stored on the premises of Covington Grain Company in Andalusia, Alabama, said soybeans allegedly being the property of Plaintiffs.

Count 7 of the complaint charges Merrill Lynch with negligence, resulting in the inability of Plaintiffs to re-

cover the reasonable value of their soybeans stored at Covington Grain Company, for which the same amount of money damages ($2,000,000.00) is sought as in Counts 1 through 6. The alleged negligence consists in Merrill Lynch's failure adequately to investigate the financial condition of Covington Grain Company prior to contracting with Covington Grain Company for the grain company's purchase of large numbers of soybean futures. Plaintiffs allege that an investigation would have revealed that Covington Grain Company did not own sufficient assets and lacked sufficient credit to cover such transactions.

Count 8 recites that Merrill Lynch owes Plaintiffs $2,000,000.00 for money had and received from Covington Grain Company. Count 9 alleges that Merrill Lynch converted to its own use $2,000,000.00 of Plaintiffs' money.

Count 10 charges Defendants other than Merrill Lynch with breach of a bond made in connection with the storage operations of Defendants previously described. Counts 11 and 12 charge Defendants other than Merrill Lynch with conversion of soybeans, allegedly property of Plaintiffs.

The lower courts have followed the lead of the Supreme Court in the *Finn* case and interpreted § 1441(c) in a restrictive manner. The doctrine emerging from their decisons has been summarized as follows:

" * * * in accordance with the theory of *American Fire & Casualty* and irrespective of whether the action would have formerly been removable on the basis of a separable controversy, or that in lieu of the action plaintiff brought he could have maintained separate suits, a long line of decisions has ruled that where a plaintiff seeks to recover damages for a single wrong, arising from an interlocked series of transactions, and sues several defendants, whether the claimed liability is joint, joint or several, several, or in the alternative, he is not suing on 'separate and independent' claims which warrant removal under § 1441 (c). [footnotes omitted]

" * * * where a plaintiff sues to enforce two or more distinct rights, or to redress their invasion, he has as many causes of action; and although modern procedure permits him to and he does join the various defendants, because of the presence of a common question of law or fact, plaintiff's claims are separate and independent for removal purposes." [footnotes omitted] 1A Moore's Federal Practice ¶ 0.163[4–5]

In this case Plaintiffs seek to redress only one wrong, the disappearance of their soybeans; from another perspective, they are not suing to enforce two or more distinct and separate rights but merely to recover for the invasion of their right of ownership in the soybeans. Even if it were claimed that Merrill Lynch's liability were merely alternative to that of other Defendants, it is the holding of *Finn* that such a case does not present a separate and independent claim. It is clear from the complaint herein, however, that any liability of Merrill Lynch is inextricably bound together with liability of other Defendants.

In one sense, Count 7 charges only the negligence of Merrill Lynch. Plaintiffs charge that Defendant Merrill Lynch, with whom Plaintiffs have never dealt, so far as appears, and who is not shown to owe any duty directly to the Plaintiffs, acted negligently so as to cause Plaintiffs' loss. However, this loss could not have occurred without the allegedly wrongful or negligent acts of Defendants other than Merrill Lynch as charged in earlier counts. That a loss is caused by the concurring negligence of more than one defendant named in separate counts, even where the asserted negligence of defendants took place at different times, does not create a separate and independent cause of action within § 1441(c). *Edwards v. E. I. DuPont DeNemours & Co.*, 183 F.2d

165 (5th Cir. 1950). The Court's analysis in *Edwards,* a case against a manufacturer and a retailer of allegedly defective explosives, is equally applicable to this action:

> ·"There was but one accident, one explosion, one catastrophe, one civil wrong or injury; in a word, one tort, resulting from one or more negligent acts; it culminated in the injuries to appellant. Leading up to the final event were a series of transactions, and doubtless several acts of negligence, that materially contributed to the tragic end, possibly some committed by others not parties hereto; but there was only one wrong, one infraction of a legal right; * * *." 183 F.2d at 168.

These remarks are even more applicable to the present action because here the damage asserted to be the result of the negligence of the removing Defendant could not have occurred without the concurring negligence of another defendant.

■ Defendant Merrill Lynch is not alleged to have been in any separate contractual relationship with Plaintiffs, for breach of which it is sued; therefore, this action does not come under the rule of *Greenshields v. Warren Petroleum Co.,* 248 F.2d 61 (10th Cir. 1957), cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed. 2d 262 (1957), and other cases holding that breaches of separate contracts give rise to separate and independent claims. Nor is this action one in which one Defendant is charged with breach of contract and another with inducing the breach, a situation in which a few district courts have found separate and independent claims. *Allison v. American Airlines,* 112 F.Supp. 37 (N.D.Okl. 1953); *Twentieth Century-Fox Film Corp. v. Taylor,* 239 F.Supp. 913 (S.D. N.Y.1965). It may be mentioned, however, that, even if a claim for inducement to breach were properly pleaded, the better rule seems to be that such claims are not separate and independent within § 1441(c). *Mayflower Industries v.*

*Thor Corp.,* 184 F.2d 537 (3rd Cir. 1950), cert. den. 241 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).

■ The allegation of Count 9 that Defendant Merrill Lynch converted to its own use $2,000,000.00 presents a slightly more difficult problem, since it is not alleged in so many words that the money converted has any relationship to the soybeans involved in the previous counts. However, it is evident from the complaint as a whole that the $2,000,000.00 allegedly converted by Merrill Lynch consists of the proceeds or value of the soybeans alleged to have been negligently lost or converted by other Defendants, and no connection between Merrill Lynch and Plaintiffs is alleged other than through Merrill Lynch's dealings with Covington Grain Company. It is thus apparent that the complaint states a claim which is in substance for joint or alternative liability for the single wrong of the disappearance of the soybeans and that Count 9 does not state a separate and independent claim or cause of action. Defendants opposing remand have not shown anything to the contrary, and theirs is the burden of making a showing that an *independent* cause of action is involved. *P. P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546 (7th Cir. 1968); *Doggett v. .Hunt,* 93 F.Supp. 426 (M.D.Ala.1950), appeal dismissed 199 F.2d 152 (5th Cir. 1952).

This reasoning is applicable with even greater force to Count 8 wherein Merrill Lynch is charged with liability for moneys had and received from Covington Grain Company. It is plain that such liability of Merrill Lynch would depend upon liability in other Defendants for breach of their contracts with Plaintiffs as alleged, or for tort as alleged, or for both, and the knowledge by Merrill Lynch of such breach of contract or tort.

■ Defendants opposing remand have devoted much of their argument to addressing the Court's discretion to remand parts of an action and retain

others. In particular, they have contended that under § 1441(c) the Court has no discretion to remand the cross-claim and third-party claim filed in this action, as these, it is contended, are matters within the original jurisdiction of the Court. Since this Court's finding is that the original removal was improvident, remand of this action is compelled by § 1447(c) and does not fall under § 1441(c). Unlike § 1441(c), § 1447(c) does not leave a court with discretion to remand only part of an action. The cross-claim and third-party claim in this action are both against Alabama residents and would not be removable if sued upon alone. Nor would removal, had it been sought, have been appropriate as to other claims not in issue here, on grounds similar to those presented above. Accordingly, it is the

Order, judgment and decree of this Court that this action, having been removed improvidently and without jurisdiction, be, and the same is hereby, remanded in its entirety to the Circuit Court of Covington County, Alabama, pursuant to 28 U.S.C. § 1447(c).