**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RMP CONSULTING GROUP, INC.;
RMP SERVICE GROUP, INC.,

      Plaintiff/Appellee,

v.

DATRONIC RENTAL
CORPORATION, an Illinois
corporation,

      Defendant/Third-Party
      Plaintiff/Appellant,

v.

BANK OF OKLAHOMA, N.A., a
National Banking Association; and
HENRY E. DOSS, an individual,

      Third-Party
      Defendants/Appellees.

No. 98-5062
(D.C. No. 91-C-295-H)
(N.D. Okla.)

**ORDER AND JUDGMENT***

Before **EBEL**, **MCKAY** and **BRISCOE**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from a dismissal for lack of diversity. We affirm the district court's conclusion that subject matter jurisdiction does not exist. However, we reverse the district court's dismissal. Since this case was improperly removed from state court, we remand to the district court with instructions to remand the case to state court.

This case arose out of a dispute between Datronic Rental Corporation ("Datronic"), an Illinois corporation, and RMP Consulting Group, Inc., and RMP Service Group, Inc. (collectively, "RMP"), Missouri corporations with their principal place of business in Missouri. The dispute involved 80 copier leases and underlying equipment acquired between 1987 and 1988 by Datronic from predecessors of CopyTech Systems, Inc., on behalf of Datronic Equipment Income Fund XVI, L.P. ("Fund"), a limited partnership of which Datronic was general partner. While Datronic claimed superior interest in the leases and equipment by virtue of its purchase of the property from CopyTech, RMP claimed superior interest by virtue of its February 1991 purchase of all of the interests the Bank of Oklahoma ("BOK") had in CopyTech as its major lender.

In April 1991, RMP filed suit in Oklahoma state court against Datronic, seeking, inter alia, a declaratory judgment that its interests in the leases and equipment were superior to that of Datronic, and damages for interference with business relations with the lease customers. In May 1991, Datronic removed the

action to federal court on the basis of diversity and counterclaimed against RMP, also seeking, inter alia, declaratory relief that it had superior interest in the leases and equipment, and damages for interference with business relations with the lease customers. In August 1991, the district court entered a temporary order (lasting until "final resolution of this litigation") agreed to by the parties authorizing the lease customers to continue making payments to Datronic and prohibiting RMP from communicating with lease customers about the leases and equipment. Datronic filed a third-party complaint against BOK and Henry E. Doss, President of RMP, in January 1992, alleging diversity jurisdiction and requesting relief similar to that sought against RMP. The district court granted partial summary judgment to Datronic in August 1992, finding that Datronic had superior interest in the leases and equipment. In January 1993, Datronic filed a motion to amend its third-party complaint against Doss and RMP. The district court entered an order granting the motion in February 1993.

RMP, BOK, and Doss ("Appellees") claim that they did not know Datronic was general partner of the Fund until 1996. At that time, Appellees moved for summary judgment on the ground that the Fund rather than Datronic was the "real party in interest" under Fed. R. Civ. P. 17. In response, the Fund and Datronic filed a certificate of ratification under Rule 17 authorizing Datronic's actions in the suit on the Fund's behalf, and agreeing to be bound by the outcome of the

case.[1]

In February 1997, Datronic stipulated that the Fund had at least one limited partner who was a citizen of Oklahoma, a state in which BOK and Doss were citizens, and at least one limited partner who was a citizen of Missouri, the state in which RMP was a citizen. Shortly afterwards, Appellees filed motions to dismiss for lack of subject matter jurisdiction, asserting a lack of complete diversity.

The district court referred the motions to dismiss to a magistrate judge. In a report and recommendation ("R&R"), the magistrate found: (1) Datronic and the Fund both are real parties in interest under Fed. R. Civ. P. 17, under whose name the suit may be prosecuted; (2) the Fund was not an indispensable party required to be joined under Fed. R. Civ. P. 19; (3) the Fund was the "real party to the controversy" under Navarro Savings Assoc. v. Lee, 446 U.S. 458 (1980), whose citizenship must be considered for diversity from the initial filing of the case in federal court; and (4) the citizenship of the Fund is that of all its members, including each limited partner, under Carden v. Arkoma Assocs., 494 U.S. 185

---

[1]Datronic actually had been dissolved in 1993 pursuant to a settlement agreement approved by the Northern District of Illinois in Ventre v. Datronic Rental Corp., No. 92 C 3289 (N.D. Ill. March 4, 1993)—an unrelated case—and replaced by the Lease Resolution Corporation ("LRC") as general partner of the Fund, in which capacity LRC remains today. The settlement agreement as well as the ratification authorized LRC to continue the action as general partner of the Fund in Datronic's name.

(1990). The R&R recommended that the suit be dismissed for lack of diversity. The district court adopted the R&R and dismissed the action on that ground.

For substantially the same reasons stated in the magistrate's R&R and adopted by the district court, we affirm the district court's conclusion that subject matter jurisdiction is absent because of a lack of complete diversity. Moreover, we conclude that this case was improperly removed, as removal was premised on diversity jurisdiction. Because removal was improper, we reverse the district court's dismissal of this case, and hold, with qualifications set out below, that the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

To elaborate, the R&R recommended dismissal for lack of subject matter jurisdiction without any mention of remand to state court, and the district court in adopting the R&R likewise did not mention remand. Datronic returned to state court, but the state court found that "[i]n the absence of an order of remand, this Court is without jurisdiction to proceed." On appeal, Datronic asks that "[i]f this Court affirms the lack of diversity jurisdiction from the initial filing, then this Court should still reverse the District Court's dismissal with directions to remand the case to the State court from which it was removed" pursuant to 28 U.S.C. § 1447(c). Appellees counter that Datronic's "third-party actions against BOK and Doss were initiated in federal court, [and hence] those actions were properly dismissed, rather than remanded." Appellees make no argument regarding the

propriety of remanding Datronic's counterclaim against RMP.

We agree with Datronic that the district court should have remanded the case back to state court rather than dismissing it. As an initial matter, the language of 28 U.S.C. § 1447(c) is mandatory rather than permissive: "If at anytime before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded." Id. (emphasis added). Further, the Supreme Court has confirmed the obligatory nature of § 1447(c) in International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991) ("Since the district court had no original jurisdiction over this case . . . a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c). . . . We also take note . . . of the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action." (emphasis added; quotations omitted)) (superceded by statute on other grounds); see also University of Ala. v. American Tobacco Co., 168 F.3d 405, 410-11 (11th Cir. 1999) (§ 1147(c) "is mandatory," such that "a federal court must remand for lack of subject matter jurisdiction").[2]

---

[2]Appellees rely on Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484 (10th Cir. 1991), for the proposition that remand is discretionary under § 1447(c), but that case is distinguishable. There, we found the district court had discretion to remand or dismiss a properly removed case under the particular circumstance

(continued...)

To say that the case must be remanded does not end our discussion, however, for the procedural posture of this case requires us to specify the nature of "the case" to be remanded. Because the district court never had jurisdiction over the case, it had no power to rule on any motions or enter any judgment in the case. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion . . . . To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.") (superceded by statute on other grounds); United States v. 51 Pieces of Real Property, 17 F.3d 1306, 1309 (10th Cir. 1994) ("a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action"); Williams v. Life Savings & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) (same); Nichols v. Southeast Health Plan of Ala., 859 F. Supp. 553, 559 (S.D. Ala. 1993) ("A federal court lacking subject matter jurisdiction over a removed case must remand it to the state court from whence it came. A federal court lacking subject matter

---

[2](...continued)
where a plaintiff tried to force remand by amending the complaint to destroy diversity jurisdiction. Id. at 1488-89. That is not the case here.

jurisdiction cannot rule on other pending motions." (citing 28 U.S.C. § 1447(c) and Wright & Miller, Federal Practice & Procedure § 3739)). Thus, we vacate all post-removal orders entered by the district court, including its grant of partial summary judgment to Datronic. See Brown v. Francis, 75 F.3d 860, 866-67 (3d Cir. 1996) (because removal was improper for lack of diversity, court "must vacate any orders entered by the district court that were entered after the . . . case was removed to the district court," and remand case to state court); Avitts v. Amoco Prod. Co., 53 F.3d 690, 692, 694 (5th Cir. 1995) (vacating district court's interim orders for preliminary injunction, costs, and attorneys fees because "[t]he district court lacked subject matter jurisdiction over this action and was therefore without authority to enter its orders," and remanding to district court with instructions to remand to state court); Laughlin v. Prudential Ins. Co., 882 F.2d 187, 192 (5th Cir. 1989) (vacating "all actions taken by the district court, including the granting of [partial] summary judgment dismissing the claims against [one defendant]," and remanding to district court with instructions to remand to state court "because the district court lacked jurisdiction"); 20 Am. Jur.2d Courts § 65 (1995) ("A court devoid of jurisdiction over the case cannot make a decision in favor of either party, cannot dismiss the complaint for failure to state a claim, and cannot render a summary judgment, as such a decision would be on the merits of the action.").

As for Datronic's counterclaim against RMP, it appears from the record that the counterclaim was filed as of right, without any order by the district court approving it. Therefore, it properly forms part of the case, and should be remanded as such. The record is less clear on whether the original third-party complaint was filed as of right or pursuant to court order. If the original third-party complaint was filed as of right, it should be included in the remand order. If, however, it was filed pursuant to federal court order, that approval is a nullity and, hence, the original third-party complaint would not be part of the case on remand. With regard to the amended third-party complaint, that was filed pursuant to court order, which we determine is invalid. Accordingly, the amended third-party complaint will not form part of the case to be remanded.

We find unpersuasive Appellees' argument that the third-party complaint should be dismissed because it was filed in federal court. Section § 1447(c) mandates that "the case" be remanded, and nothing else in that provision or interpretive case law permits "the case" to be remanded in anything less than its proper entirety, much less to be split into claims dismissed and claims remanded based upon their place of filing. A comparison between the text of § 1447(c) and 28 U.S.C. § 1441(c) is instructive. Section 1447(c) specifies that "the case shall be remanded" where the court lacks subject matter jurisdiction. Id. (emphasis added). In contrast, § 1441(c) provides that when "a separate and independent

claim within the jurisdiction conferred by section 1331" is joined with "otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates." Id. (emphasis added). From this juxtaposition, it is clear that while Congress provided discretion for partial remands in § 1441(c) (permitting remand of only state law "matters" such as "claims" or "causes of action" rather than the "entire case"), Congress chose not to do so in § 1447(c) (mandating remand of "the case"). See Wilson v. New York Terminal Warehouse Co., Inc., 398 F. Supp. 1379, 1383 (M.D. Ala. 1975) ("Unlike § 1441(c), § 1447(c) does not leave a court with discretion to remand only part of an action."); 29 Federal Procedure, L. Ed. § 69:133 (1984) ("28 USCS § 1447(c) does not give a court discretion to remand only part of an action.").[3] Therefore, the original third-party complaint should be remanded to

---

[3]Carnegie-Mellon Univ. v. Cohill (CMU), 484 U.S. 343 (1988), is inapposite. In that case, the Court held that "a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendant state-law claims remain." Id. at 348, 357 (emphasis added). CMU, then, is a case to which the supplemental jurisdiction statute, enacted in 1990, now would apply. Under that statute, the district court has discretion to remand state law claims after the district court has dismissed claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3); Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 152-53 (10th Cir. 1995). CMU is not relevant because there were no federal claims here over which the district court had jurisdiction at the time of removal. Thus, our case involves remand under § 1447(c) rather than § 1367(c)(3).

state court as part of "the case" if it was filed as of right rather than pursuant to court approval, notwithstanding the fact that it was filed in federal court. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326, 328 (5th Cir. 1998) (affirming remand to state court of third-party claim added after removal despite appellant's argument that "district court had no legal authority to remand its [third-party] claim to state court because the claim arose under federal law and was filed in federal court").

In conclusion, we AFFIRM the district court's holding that no subject matter jurisdiction exists because of a lack of diversity. We VACATE the district court's post-removal orders, including its entry of partial summary judgment for Datronic. We REVERSE the district court's dismissal of the case, and remand to the district court with instructions to remand the case to the state court from which it came.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge