IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 00-40086

————————————————

OZAN PATTERSON, Individually & as Rule 23 Class Representative on
behalf of all other similarly situated individuals; JOHN BALLENGER,
Individually & as Rule 23 Class Representative on behalf of all
other similarly situated individuals,

                                        Plaintiffs-Appellees,

                        versus

MOBIL OIL CORPORATION; FORUM INSURANCE CO.; MOBIL CORP.; GLENDA
MATOUSE, Individually & as Agent for Mobil Oil Corporation; ROBERT
GRONWALDT, Individually & as Agent for Mobil Oil Corporation;
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AIG
NATIONAL INS. CO.; AIG RISK MANAGEMENT, INC.; AMERICAN
INTERNATIONAL GROUP INCORPORATED; AMERICAN HOME ASSURANCE COMPANY;
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

                                        Defendants-Appellants.

————————————————

Appeal from the United States District Court
for the Eastern District of Texas

————————————————

February 5, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and KENT,[*] District
Judge.

HIGGINBOTHAM, Circuit Judge:


                            I

    This is a class action asserting RICO claims brought by
employees of Mobil.  The putative class asserts that Mobil failed

---

[*] District Judge of the Southern District of Texas, sitting by designation.

to comply with Texas law requiring an employer to obtain workers' compensation insurance in order to benefit from the bar of negligence suits by injured employees. The complaint alleges that Mobil obtained insurance or re-insurance from wholly owned subsidiaries; assertedly this was not sufficient to make Mobil a qualifying subscriber to the workers' compensation system. This, because it did not transfer risk away from Mobil and therefore was not "insurance" within the meaning of the workers' compensation statute.

The complaint requested class certification. It defined the class as all employees of Mobil in Texas whose injuries in workplace accidents between the years 1965 and 1993 generated a workers' compensation claim. The theory was that these workers were injured because Mobil's representation that it properly had workers' compensation insurance, assertedly fraudulent, caused these injured employees to forgo negligence lawsuits against Mobil.

Shortly before his death, the Honorable Judge Joe J. Fisher, of the Eastern District of Texas, certified a bifurcated class under Federal Rule of Civil Procedure 23(b)(3), consisting of a class of employees injured between 1965 and 1981 and a class of employees injured between 1982 and 1993. These periods correspond to changes in Mobil's insurers. Three days later, Judge Fisher recused himself from the case, *sua sponte* and without explaining his reasons.

2

We granted Mobil's petition for leave to appeal the certification order under Rule 23(f). Mobil argues that the certification order should be vacated because Judge Fisher recused himself immediately after entering it and because the class certification was otherwise improper.

II

We review a district court's certification of a class for abuse of discretion.[1] Rule 23(a) requires the plaintiff to show that the class is too numerous to allow simple joinder; there are common questions of law or fact; the claims or defenses of the class representatives are typical of those of the class; and the class representatives will adequately protect the interests of the class.[2] To receive (b)(3) certification, a plaintiff must also show that the common issues predominate, and that class treatment is the superior way of resolving the dispute.[3]

Claims for money damages in which individual reliance is an element are poor candidates for class treatment, at best. We have made that plain. We recently held that "a fraud class action cannot be certified when individual reliance will be an issue."[4]

---

[1] *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 265 (5th Cir. 2000).

[2] Fed. R. Civ. P. 23(a).

[3] Fed. R. Civ. P. 23(b)(3).

[4] *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996).

3

Recently, in *Bolin v. Sears, Roebuck & Co.*,[5] we applied that rule to civil RICO claims. We do so again, concluding that the district court erred as a matter of law in certifying this class because the predominance requirement could not be met.

In *Bolin*, we reviewed an order certifying a class comprised of debtors claiming unfair collection practices by Sears. The class alleged violations of the bankruptcy laws, the Fair Debt Collection Practices Act, the Truth in Lending Act, and RICO. We held that consideration of class certification should proceed on a claim by claim basis, with reference to the statutory elements of and remedies for each claim.[6] In regard to the RICO claims, we held that "the individual findings of reliance necessary to establish RICO liability and damages preclude not only (b)(2) certification of this class under RICO, but (b)(3) certification as well."[7]

Each member of this putative class must then prove reliance upon Mobil's alleged fraud in stating it was covered by workers' compensation insurance.[8] To do that, each plaintiff would have to make an individual showing that she could have and would have sued Mobil, but did not do so because the asserted false statements led

---

[5] 231 F.3d 970, 978-79 (5th Cir. 2000).

[6] *See id*. at 976.

[7] *Id.* at 978.

[8] *See Summit Properties Inc. v. Hoechst Celanese Corp.*, 214 F.3d 556, 562 (5th Cir. 2000) (holding that reliance is an element of a civil RICO claim based on injuries from fraud).

her to believe her suit to be barred by the workers' compensation regime.

While there may be an issue of fact common to all class members – the question of whether or not Mobil was a valid subscriber to the workers' compensation system – that question does not predominate over the question of whether or not each member of the class suffered a RICO injury.  We so held on the facts of *Bolin*,[9] and on the facts of *Castano v. American Tobacco Company*,[10] and we see no compelling distinction here.  To determine reliance for each individual class member would defeat the economies ordinarily associated with the class action device.  An effort to decide only the question of whether Mobil was effectively insured under the Texas compensation scheme would be no more than the trial of an abstraction – for which subclassing and bifurcation is no cure.

### III

In light of our holding that class certification was improper, we need not address the effect of the district judge's recusal on his earlier order certifying the class.[11]  Class certification was

---

[9] 231 F.3d at 978.

[10] 84 F.3d at 745.

[11] We granted leave to appeal the order granting class certification and express no opinion regarding Mobil's entitlement to the protective bar of the state workmen's compensation law.

improper under Rule 23.  The order granting class certification is therefore VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.