IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2005**

**Charles R. Fulbruge III**
Clerk

No. 04-40421

_____

THOMAS J. BALLENGER ET AL.

Plaintiffs

ELLA RAY WHITEHEAD

Plaintiff-Appellant

versus

MOBIL OIL CORPORATION

Defendant

_____

OZAN PATTERSON, ETC.; ET AL.

Plaintiffs

JOHN BALLENGER, Individually and as Rule 23 Class Representative on
behalf of all other similarly situated individuals.

Plaintiff-Appellant

versus

MOBIL OIL CORPORATION; FORUM INSURANCE COMPANY; MOBIL CORPORATION;
GLENDA MATOUSE, Individually and as Agent for Mobil Oil
Corporation; ROBERT GRONWALDT, Individually and as agent for Mobil
Oil Corporation; BEN STIFF, Individually and as agent for Mobil Oil
Corporation; CHARLES TEEPEES, Individually and as agent for Mobil
Oil Corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA; AIG NATIONAL INSURANCE COMPANY; AIG RISK
MANAGEMENT INC.; AIG INC.; ENERGY PRINTING INC.; AMERICAN HOME
ASSURANCE COMPANY; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

Defendants-Appellees

1

_____

Appeals from the United States District Court for
the Eastern District of Texas
(C.A. No. 1:71-CV-087 and C.A. No. 1:99-CV-156)
_____

Before SMITH, DENNIS, and PRADO Circuit Judges.

DENNIS, Circuit Judge:[*]

The plaintiffs brought separate suits against the defendants in federal court. The district court ruled against the plaintiffs, the plaintiffs appealed and this court affirmed the district court's judgment. Thereafter, the defendants applied to the district court for an order enjoining the plaintiffs from pursuing claims against the defendants in state court. The district court granted the order and, finding no error, we AFFIRM.

## BACKGROUND

The district court entered an order enjoining the plaintiff-appellants, John Ballenger and Ella Ray Whitehead,[1] from pursuing their pending litigation against Mobil Corporation, ExxonMobil Oil Corporation, Forum Insurance Company and other defendants in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Whitehead's name before remarriage was Mrs. Thomas Ballenger and she is referred to as such in most of the prior litigation.

Texas courts. The district court concluded that the claims and/or issues asserted in the Texas action had already been litigated in the federal courts and, therefore, the defendants were entitled to an injunction under the relitigation exception to the Anti-Injunction Act, 22 U.S.C. § 2283.

The procedural history of this appeal is complicated, involving multiple suits in multiple forums over a period of more than twenty years. The litigation dates back to the 1970 death of Thomas Ballenger, Whitehead's husband and Ballenger's father, as a result of an accident at his assigned worksite, which was owned and controlled by Mobil.[2] Whitehead sought and received workers' compensation benefits from Forum, Mobil's workers' compensation carrier at that time. She also filed suit, on behalf of herself and her minor children, against Mobil claiming gross negligence and seeking punitive damages.[3] The jury found Mobil grossly negligent, but this court reversed concluding that the evidence did not support that finding.[4] In that suit, Mobil stated in its pleadings that it was a subscriber under the Texas Workers' Compensation Act.

---

[2] Mobil Corporation and ExxonMobil Oil Corporation are jointly referred to as "Mobil" throughout this opinion as any distinction between the two entities is irrelevant to our decision.

[3] *See Ballenger v. Mobil Oil Corp*., 488 F.2d 707, 708-09 (5th Cir. 1974).

[4] Id., 713.

3

As a result, Whitehead was not entitled to any damages for ordinary negligence.[5]

In 1998, fourteen years after the final judgment was entered in the wrongful death suit, Whitehead sought to intervene in Texas court proceedings against Mobil and other defendants.[6] Thereafter, Ballenger also sought intervention in a multiparty action against Mobil, Forum and other defendants in the Texas courts.[7] The cases were consolidated in 2002.[8] The central allegation in the Texas case is that Mobil had misrepresented its status as a subscriber under the Texas Workers' Compensation Act. According to the plaintiffs, Forum was wholly owned by Mobil and, therefore, Mobil was illegally self-insuring. The plaintiffs asserted claims of fraud, fraudulent inducement, conspiracy, violations of the Texas Insurance Code, breach of contract and intentional infliction of emotional distress.

On March 23, 1999, while the state court litigation was pending, Whitehead filed a "Request for Relief from Judgment" in

---

[5] Id., 708.

[6] See *Whitehead v. Mobil Corp.*, No. B-159, 657 (60th Dist. Ct., Jefferson County).

[7] See *McClelland v. Gronwalt*, No. A-144, 481 (58th Dist. Ct., Jefferson County, Tex.).

[8] The consolidated case is styled *Whitehead v. Gronwalt*, Cause No. A-144, 481-C (60th Dist. Ct., Jefferson County, Tex.)

4

federal court under Fed. R. Civ. P. 60(b) ("the Rule 60(b) motion"). She requested that the district court set aside the 1974 judgment in the wrongful death suit, arguing that Mobil had perpetrated a fraud upon the court by representing that it was a workers' compensation subscriber. On that same date, March 23, 1999, Ballenger and Ozan Patterson[9], filed an action in federal court alleging that Mobil violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., by conspiring with various insurers (including Forum) and claims adjusters over a thirty-year period (hereinafter "the RICO suit").[10] Specifically, they alleged that the defendants engaged in a long-term scheme to deprive the plaintiffs of their common-law negligence causes of action against Mobil for workplace injuries. Patterson and Ballenger also filed a motion to intervene in Whitehead's case.

Both the RICO suit and the Rule 60(b) motion were ultimately assigned to Judge Cobb. The plaintiffs in both cases filed motions for his disqualification, which he denied. The defendants moved for summary judgment in the RICO suit. Judge Cobb granted the motion for summary judgment, denied the motions for intervention, and

---

[9] Patterson is not a party to this appeal.

[10] Ballenger and Patterson brought the RICO suit as a class action under Fed. R. Civ. P. 23, but this court vacated the district court's class certification. *See Patterson v. Mobil Oil Corp.*, 241 F.3d 417, 419 (5th Cir. 2001).

denied Whitehead's Rule 60(b) motion in a single opinion. The plaintiffs appealed.

This court addressed both the RICO suit and the Rule 60(b) motion in one opinion, *Patterson v. Mobil Oil Corp.*[11] The panel concluded that Judge Cobb should have granted the plaintiffs' motions to disqualify him. The panel also determined, however, that Judge Cobb's failure to recuse himself was harmless error because the merits of the summary judgment motion would be reviewed *de novo* by this court on appeal. Furthermore, because the Rule 60(b) motion was based on the same allegations as the summary judgment motion, the merits of that motion would also be determined by the *de novo* review of the summary judgment motion. Finally, reviewing the grant of summary judgment to the defendants in the RICO suit *de novo*, the panel determined that Mobil was a subscriber under the Texas Workers' Compensation Act as a matter of law. The Supreme Court denied the plaintiffs' petition for a writ of certiorari.[12]

Meanwhile, the plaintiffs continued to pursue their state court litigation. On December 9, 2003, the defendants filed in the district court their "First Amended Motion to Reopen Case and Permanently Enjoin State Court Proceedings and Request for

---

[11] 335 F.3d 476, 480-483 (5th Cir. 2003).

[12] *Patterson v. Mobil Oil Corp.*, 540 U.S. 1108 (2004).

Expedited Hearing."  According to the defendants, because the issues raised by the plaintiffs in state court had already been fully litigated in federal court, the plaintiffs should be enjoined from pursuing their claims in the Texas courts.  The district court agreed and this appeal followed.

## I.

The plaintiffs claim that the district court lacked jurisdiction to consider the defendants' motion.  According to the plaintiffs, the district court lost subject matter jurisdiction over the Rule 60(b) motion and the RICO suit when it entered judgment following the remand issued by this court.[13]  The plaintiffs argue that the district court could not thereafter take any further action in these cases without violating the mandate rule.  This argument lacks merit.

The mandate rule requires a lower court to "implement both the letter and the spirit of the appellate court's mandate and ... not disregard the explicit directives of that court."[14]  The rule is

---

[13] The plaintiffs argued in their briefs that the district court also lacked jurisdiction under the Rooker-Feldman doctrine. At oral argument, however, the plaintiffs conceded that the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 125 S. Ct. 1517 (2005), foreclosed their argument.

[14] *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).

7

occasionally expressed in jurisdictional terms as providing that a district court lacks jurisdiction to review an appellate court's decision.[15] The reach of the mandate rule, however, is limited to issues <u>actually decided</u> by the appellate court. Thus, "[a] mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal."[16] In the previous appeal in this case, this court did not expressly or impliedly pass on the issue of whether the plaintiffs should be enjoined from pursuing their claims against the defendants in the Texas courts. Therefore, the mandate rule is not implicated in the present case.

The plaintiffs' remaining arguments concerning the district court's jurisdiction are actually procedural. Specifically, the plaintiffs contend that the defendants could only request an injunction by filing Rule 60(b) motions for relief from the final judgments entered after remand from this court or by filing a new action. The plaintiffs did not raise this objection below and have, therefore, failed to preserve for appellate review any objection to the form of the defendants' motion.[17]

---

[15] *See, e.g., Fine v. Bellefonte Underwriters Ins. Co.,* 758 F.2d 50, 52 (2d Cir. 1985).

[16] *Newball v. Offshore Logistics International*, 803 F.2d 821, 826 (5th Cir. 1986).

[17] *See Butler Aviation Int'l v. Whyte*, 6 F.3d 1119, 1128 (5th Cir. 1993).

8

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary, in aid of its jurisdiction, or to protect or effectuate its judgments."[18] "This statute is generally recognized to permit a district court to enjoin state court proceedings on only three bases: When it is (1) expressly authorized by a federal statute, (2) necessary to assert jurisdiction, or (3) necessary to protect or effectuate a prior judgment by a federal court."[19] The district court concluded that this case fits within the third condition, commonly known as the relitigation exception to the Anti-Injunction Act. The plaintiffs contend that the district court erred in concluding that the relitigation exception applies and that the injunction is therefore barred by the Anti-Injunction Act. The application of the relitigation exception is a question of law that this court reviews *de novo*.[20]

"The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was

---

[18] 28 U.S.C. § 2283.

[19] *St. Paul Mercury Ins. Co. v. Williamson*, 332 F.3d 304, 308-9 (5th Cir. 2003).

[20] Id., 308.

presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel."[21] Thus, the relitigation exception applies if a judgment of the federal court precludes the claims (res judicata) or the issues (collateral estoppel) raised in the state litigation. We conclude that the plaintiffs are collaterally estopped by the federal judgments from litigating the issue of Mobil's subscriber status in state court.

Collateral estoppel "is limited to matters distinctly put in issue, litigated, and determined in the former action. This court has determined that collateral estoppel encompasses three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. Moreover, the legal standard used to assess the issue must be the same in both proceedings. However, the actual claims and the subject matter of each suit may differ. Finally, unlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties."[22] Accordingly,

---

[21] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).

[22] *Next Level Communs. L.P. v. DSC Communs. Corp.*, 179 F.3d 244, 250 (5th Cir. 1999)(internal quotation marks omitted; internal citations omitted).

10

in determining whether the collateral estoppel branch of the relitigation exception applies to the plaintiffs, we must consider whether the issues raised in the Rule 60(b) motion, the RICO suit and the state case are identical, whether that issue formed a necessary part of the judgments in the federal cases and whether the applicable legal standard is the same in the federal and state cases.[23]

Identical Issues

Whitehead's Rule 60(b) motion sought to reopen the 1974 judgment against her on the grounds that Mobil had perpetrated a fraud upon the court by misrepresenting its workers' compensation subscriber status. Ballenger's federal complaint alleged that Mobil and its insurers engaged in a long-term scheme to deprive him and others of their common-law negligence causes of action for workplace injuries. According to the complaint, Mobil allegedly used "fronting" insurance companies to obtain "sham" workers' compensation policies in order to hide the fact that it was not a workers' compensation subscriber under Texas law. In the state court litigation, the plaintiffs contend that the defendants, including Mobil and Forum, fraudulently stated that Mobil was a subscriber under the Texas Workers' Compensation Act thereby inducing them to forgo their common law causes of action against

---

[23] The plaintiffs do not dispute that the issue was actually litigated.

11

Mobil.  The issue in the state case is therefore identical to that raised by Whitehead's Rule 60(b) motion and Ballenger's RICO suit.[24]

Necessary to the Judgment

The plaintiffs do not dispute that this court's conclusion regarding Mobil's subscriber status was necessary to the summary judgment in the RICO suit.  Whitehead, however, argues that her Rule 60(b) motion was denied as untimely and that the issue of Mobil's subscriber status was not a necessary part of that judgment.  In her motion, Whitehead argued that the one year time limit imposed by Rule 60 for motions brought under subsections 1, 2, and 3 should not be imposed in her case because Mobil's fraudulent scheme and conspiracy practices prevented her from

---

[24] In their reply brief, both plaintiffs contend that the injunction is overly broad because it prohibits them from pursuing issues that are distinct from those raised in the federal litigation.  Specifically, the plaintiffs argue that the state litigation includes claims based upon unfair claims settlement practices and that they should be permitted to pursue those claims in state court.  Because this issue was first raised in the reply brief, we need not consider the scope of the injunction.  *See City of Abilene v. United States Envtl. Prot. Agency*, 325 F.3d 657, 661 n. 1 (5th Cir. 2003)(This court does not consider arguments raised for the first time in a reply brief).  Moreover, the plaintiffs never argued in the district court that some of the state court claims are unrelated to the issue of Mobil's subscriber status.  Thus, we decline to consider whether the injunction is overly broad.  *See Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004) ("Arguments not raised in the district court cannot be asserted for the first time on appeal.") (quoting *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 427 n.29 (5th Cir. 2002)).

12

bringing her motion sooner. The district court noted that precedent from the Supreme Court and this court establishes that a plaintiff cannot evade the one-year time bar by alleging a fraud upon the court. Thereafter the district court stated:

"Apart from these defects in the request, plaintiff's factual allegations do not, as a matter of law, set forth any illegal conduct on the part of Mobil. In short, plaintiff contends that Mobil owned Forum, that Mobil absorbed all amounts paid as workers' compensation benefits, and that Mobil was, in effect, an illegal self-insurer. Fifth Circuit and Texas courts have held, however, that workers' compensation arrangements such as the Mobil-Forum arrangement are perfectly lawful under the Texas Workers' Compensation Act . . . . There is nothing improper, as the cases explain, with an employer ultimately paying for 100% of all workers' compensation claims paid out by its carrier . . . The actual facts set forth in the request cannot, as a matter of law, support the various labels of 'fraud' that plaintiffs place upon the Mobil-Forum workers' compensation program."[25]

Whitehead subsequently appealed the judgment of the district court to this court. In that appeal, however, Whitehead failed to brief the merits of the Rule 60(b) motion and only briefed the

---

[25] *Patterson v. Mobil Oil Corp.*, No. 1:99-CV-156 and No. 1:71-CV-087, Eastern District of Texas, Beaumont Div. (March 28, 2002) at 4-5.

matter of Judge Cobb's failure to recuse. Thus, the panel stated: "we consider the Rule 60(b) ruling only as it relates to the recusal issue."[26] Whitehead cites that statement and argues that this court did not consider the merits of her fraud allegations. This is incorrect. This court considered the merits of the fraud allegations upon which Whitehead's Rule 60(b) motion was predicated in determining whether Judge Cobb's failure to recuse himself was harmful error. This court concluded that any error was harmless because "[t]he Rule 60(b) motion is premised on Mobil's alleged fraud with respect to its subscriber status. Accordingly, the merits of the motion will be determined by our *de novo* evaluation of the district court's summary judgment ruling, which was based on the fraud issue."[27] Thus, this court expressly ruled on the merits of both the Rule 60(b) motion and the summary judgment when it stated that: "despite the plaintiffs' vigorous arguments to the contrary, we conclude that there is no genuine issue of material fact with regard to Mobil's subscriber status. And, in turn, there is no genuine issue of material fact that Mobil was engaged in a scheme to defraud its employees by lying about its subscriber

---

[26] *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

[27] Id., 486 (emphasis added).

14

status."[28] This ruling was necessary to the judgment affirming the denial of Whitehead's motion because, according to this court's decision, the *de novo* review of the fraud allegation, common to both the Rule 60(b) motion and the summary judgment motion, rendered Judge Cobb's failure to recuse himself harmless error.

Same Legal Standard

The legal standard applied to the plaintiffs' claims is the same in both state and federal court. In either jurisdiction, the question is whether Mobil was a subscriber under the Texas Workers' Compensation Act. The plaintiffs argue that under RICO Ballard had the burden of proving Mobil's fraud but in the state court litigation Mobil would have the burden of proving that it was a workers' compensation subscriber. Any difference in the applicable standard of proof is immaterial, however, as both the district court and this court concluded that, <u>even assuming the plaintiffs' factual allegations were true</u>, Mobil was a subscriber under the Texas Workers' Compensation Act as a matter of law. In other words, there are no facts in dispute and the applicable burden of proof is irrelevant.

In sum, because each of the plaintiffs has received a judgment in federal court determining whether Mobil fraudulently asserted that it was a subscriber under the Texas Workers' Compensation Act,

---

[28] *Id.*, 492.

15

the order enjoining the plaintiffs from litigating the same issue in state court does not violate the Anti-Injunction Act. Moreover, because the application of the relitigation exception in this case is based on principles of collateral estoppel, the district court did not err by enjoining Whitehead from raising the issue against any of the defendants, even those who were not parties to the wrongful death suit.[29]

### III.

The plaintiffs finally claim that the district court erroneously granted the defendants' motion for an injunction without considering the equitable requirements for an injunction. In particular, the plaintiffs contend that the defendants failed to plead or prove that they would suffer irreparable injury if forced to continue with the state litigation or that they lack an adequate remedy at law. This court reviews a district court's decision to grant an injunction for an abuse of discretion.[30]

Generally, to win a permanent injunction, a petitioner must show "a clear threat of continuing illegality portending immediate

---

[29] *Vines v. Univ. of La. at Monroe*, 398 F.3d 700 (5th Cir. 2005)(Stating, in relitigation context, "complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation."(Emphasis added)).

[30] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

harmful consequences irreparable in any other manner."[31] This court has held, however, that no independent demonstration of irreparable harm or a lack of alternative remedies is necessary to win an injunction under the relitigation exception to the Anti-Injunction Act. Rather, demonstrating that the state litigation concerns an issue actually decided by the federal courts is sufficient to demonstrate both the harm of continuing the state litigation and the lack of an adequate remedy at law.[32] Accordingly, because the district court correctly concluded that the plaintiffs are attempting to relitigate matters in the Texas courts that have been decided by the federal courts, it did not abuse its discretion by granting the injunction.[33]

---

[31] *Posada v. Lamb County*, 716 F.2d 1066, 1070 (5th Cir. 1983).

[32] *See, e.g., Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 667 (5th Cir. 2003)(district court's finding that plaintiff was attempting to relitigate final judgment of federal court is sufficient to support injunction); *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir. 1990).

[33] The plaintiffs also argue that the district court should have accorded full faith and credit to an order of the state court denying the defendants' motion for abatement on the grounds of collateral estoppel and res judicata. Such an order is not entitled to full faith and credit. *See* 28 U.S.C. § 1738 (2004)(Federal courts must give state judicial proceedings "the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken"; *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 595 (Tex. App. 2000)(interlocutory judgments are not given preclusive effect under Texas law); *Serrano v. Union Planter's Bank, N.A.*, 155 S.W.3d 381, 381 (Tex. App. 2004)(denial of motion

17

AFFIRMED.

to abate is interlocutory in nature and not appealable).