# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-6084, 09-6085

_____

| | |
|---|---|
| The National Benevolent Association of the Christian Church (Disciples of Christ), | * <br> * <br> * <br> * |
| Plaintiff – Appellant | * <br> * |
| State of Missouri, ex rel Chris Koster, Attorney General of Missouri, | * <br> * <br> * |
| Plaintiff-Appellant | * <br> * |
| v. | * <br> * |
| Weil, Gotshal & Manges, LLP, | * <br> * |
| Defendant – Appellee | * <br> * |

_____

Submitted: September 15, 2010
Filed: October 8, 2010

_____

Before KRESSEL, Chief Judge, VENTERS and SALADINO, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

These appeals seek review of the bankruptcy court's order dismissing the state-court petition brought by the Plaintiffs, the National Benevolent Association of the

Christian Church (Disciples of Christ) ("NBA") and the State of Missouri, and removed to the bankruptcy court by the Defendant, Weil, Gotshal & Manges, LLP. NBA's and the State's primary contention is that the bankruptcy court should have remanded the matter to state court rather than dismissing their claims.

For the reasons stated below, we reverse and remand the matter to the bankruptcy court for remand to the state court.

## I. STANDARD OF REVIEW

The bankruptcy court's dismissal of the complaint for failure to state a claim is subject to *de novo* review.[1]

## II. BACKGROUND

The bankruptcy court's factual findings are not in controversy; therefore, the Court adopts them here with editorial revisions only.

NBA is a Missouri nonprofit corporation with its principal place of business in Missouri. On February 16, 2004, NBA filed a petition for relief under Chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. The Texas bankruptcy court confirmed NBA's First Amended Joint Plan of Reorganization on March 2, 2005 and it became effective shortly thereafter. All of NBA's creditors were paid 100% of their claims pursuant to the confirmed plan.

After confirmation of NBA's plan, NBA filed an adversary proceeding against the Defendant, Weil, Gotshal & Manges, LLC, ("Weil") in the Texas bankruptcy court. Weil had assisted NBA in its pre-petition attempts to restructure its bond

---

[1] *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

2

indebtedness and continued to represent the NBA (along with other counsel) in the bankruptcy case. The adversary sought damages for Weil's alleged legal malpractice, negligence, and breach of fiduciary duty in connection with its pre-petition and post-petition services. The portion of the Texas bankruptcy court action relating to Weil's pre-petition conduct was, for all relevant purposes, identical to the action subsequently filed in the Missouri state court and removed to the bankruptcy court.

Weil moved the Texas bankruptcy court for summary judgment on *res judicata* and estoppel grounds. The Texas bankruptcy court granted Weil's motion and the District Court for the Western District of Texas affirmed. NBA then appealed the portion of the judgment pertaining to pre-petition malpractice claims to the Fifth Circuit Court of Appeals.

On Weil's motion, the Court of Appeals dismissed the case for lack of subject matter jurisdiction on June 11, 2009. The Court of Appeals held that because NBA had not unequivocally provided in its confirmed Chapter 11 plan for the retention of ownership of the asserted pre-petition causes of action, NBA lacked standing to pursue its claims in federal court.[2] Accordingly, the Court of Appeals vacated the District Court order and dismissed the case without prejudice for lack of subject matter jurisdiction.

On August 10, 2009, NBA, joined by the State of Missouri, filed a petition in the Circuit Court of St. Louis County, Missouri alleging, in substance, the same cause

---

[2] In its opinion, the Court of Appeals stated that "NBA, as the reorganized debtor, has no standing to pursue these claims in federal court." *In re National Benevolent Association of the Christian Church (Disciples of Christ)*, 333 Fed.App'x. 822, 829 (5th Cir. 2009). We share the bankruptcy court's suspicion that the Fifth Circuit's reference only to "federal" court was unintentional, and that NBA lacks standing to pursue its claims in state court as well. But we do not need to make that determination to support our decision here.

3

of action that NBA had brought against Weil in the Texas bankruptcy court in connection with Weil's pre-petition representation of NBA.[3]

Weil removed the Plaintiffs' action from the Circuit Court of St. Louis County to the Bankruptcy Court for the Eastern District of Missouri on October 2, 2009, and filed a motion to dismiss and a motion to transfer venue on October 21, 2009. Shortly thereafter, NBA and the State moved to remand the case to the state court or for the bankruptcy court to abstain from hearing the case.

On December 18, 2009, the bankruptcy court entered an order dismissing the case. The bankruptcy court found, *inter alia*, that the State's claims against Weil were wholly derivative of NBA's claims against Weil, and that the Fifth Circuit had already decided that NBA's failure to preserve in its Plan of Reorganization its claims against Weil precluded a federal court from exercising jurisdiction over those claims. The bankruptcy court further concluded that the Fifth Circuit's decision precluded NBA and the State from pursuing their claims in any court, not just federal court. Accordingly, it dismissed their claims instead of remanding them to state court.

## III. DISCUSSION

**A.    NBA is bound by the Fifth Circuit Court of Appeals's ruling that NBA lacks standing to pursue its claims against Weil in federal court.**

The bankruptcy court's determination that NBA lacks standing to bring its claims against Weil in federal court is supported by an application of the doctrines of *res judicata* and collateral estoppel to the Fifth Circuit Court of Appeals's decision dismissing NBA's claims based on a lack of subject matter jurisdiction.

---

[3] The Attorney General for the State of Missouri joined the action in his capacity as the common law guardian of charitable trusts of which the public is or may be the beneficiary.

In the Fifth Circuit, r*es judicata* bars the re-litigation of a claim where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[4] Collateral estoppel bars the re-litigation of an issue where: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.[5]

None of NBA's or Weil's arguments undermines any of these elements, and we find that all of the elements necessary for the application of both of these doctrines to NBA's claims against Weil are indeed present here. Therefore, we find that the bankruptcy court properly concluded that it lacked subject matter jurisdiction over NBA's claims against Weil.

**B.     In the absence of subject matter jurisdiction over NBA's claims, the bankruptcy court was required to remand the entire case to state court.**

28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded."[6]  As emphasized, this language is mandatory and leaves no discretion for a court to dismiss or otherwise exercise jurisdiction over the case.[7]

---

[4] *See Frank C. Minvielle LLC v. Atlantic Refining Co.*, 337 Fed.App'x. 429 (5th Cir. 2009).

[5] *See Ballenger v. Mobil Oil Corp.*, 138 Fed.App'x. 615, 619 (5th Cir. 2005).

[6] 28 U.S.C. § 1447(c) (emphasis added).

[7] *See* 20 Am.Jur.2d Courts § 65 (1995) ("A court devoid of jurisdiction over the case cannot make a decision in favor of either party, cannot dismiss the

Weil contends that there is a "futility" exception to § 1447(c), but we find no room to depart from the statute's unambiguous, mandatory directive to remand the case, especially in the absence of Eighth Circuit precedent recognizing such an exception.

Moreover, the plain language of § 1447(c) required remand of the entire case, not just the claims over which federal jurisdiction was lacking, *i.e.*, NBA's claims against Weil.[8]  On this point, a comparison to 28 U.S.C. § 1441(c) is instructive. Section 1441(c) provides that when "a separate and independent claim within the jurisdiction conferred by section 1331" is joined with "otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all *matters* in which state law predominates."[9] In contrast, § 1447(c) specifies that "the *case* shall be remanded" when the court lacks subject matter jurisdiction.[10] From this juxtaposition, we find § 1447(c)'s reference to remand of the "case" indicative of Congress's intent to provide for partial remands in  § 1441(c), but only total remands in § 1447(c).[11]

---

complaint for failure to state a claim, and cannot render a summary judgment, as such a decision would be on the merits of the action.").

[8] *See RMP Consulting Group, Inc. v. Datronic Rental Corp.,* 189 F.3d 478, *4 (10th Cir. 1999) (unpublished).  *See also*, *Wilson v. New York Terminal Warehouse Co., Inc.*, 398 F.Supp. 1379, 1383 (M.D. Ala. 1975) ("Unlike § 1441(c), § 1447(c) does not leave a court with discretion to remand only part of an action.").

[9] 28 U.S.C. § 1441(c) (emphasis added).

[10] 28 U.S.C. § 1447(c) (emphasis added).

[11] *See RMP Consulting Group, Inc.,* 189 F.3d at *4.

## CONCLUSION

Despite the potential judicial economy to be served by dismissing the case, once the bankruptcy court determined that NBA lacked standing to pursue its claims against Weil in federal court, *i.e.*, that federal subject matter jurisdiction was lacking over NBA's claims, it was required by 28 U.S.C. § 1447(c) to remand the entire case to state court.

Therefore, for the reasons stated above, we reverse the bankruptcy court's dismissal of NBA's and the State's petition and remand the case to the bankruptcy court with directions to remand the entire case to the Circuit Court of St. Louis County.

----