Rosa SERRANO and Julian Serrano, Appellants,

v.

UNION PLANTER'S BANK, N.A., its Successors and Assigns as Servicing Agent, First Prestons Mortgage Corporation, First American Title Insurance Company, Patrick Fholer, and Beverly Mitrisin, Substitute Trustee, Appellees.

No. 08–04–00180–CV.

Court of Appeals of Texas, El Paso.

Sept. 30, 2004.

Rehearing Overruled Dec. 1, 2004.

Rosa Serrano, Santa Tererea, NM, pro se.

Clyde A. Pine Jr., Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellees.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Rosa and Julian Serrano attempt to appeal an order granting a motion to abate filed by Appellee, First Prestons Mortgage Corporation. The Serranos have filed a motion to allow interlocutory appeal of this order. We deny the motion and dismiss the appeal for want of jurisdiction.

### ABATEMENT ORDER

The trial court granted First Preston's motion and abated the proceedings in the

trial court pending issuance of an opinion and judgment in a related case submitted on January 27, 2004, *Julian Serrano and Rosa Serrano v. Union Planter's Bank, N.A. and Beverly Mitrisin, Trustee,* cause number 08–03–00101–CV. After the Serranos filed a notice of appeal seeking to appeal a "motion abate," the Clerk's Office notified the parties that it appeared the Court did not have jurisdiction due to the absence of an appealable order. The Serranos responded with a motion to allow interlocutory appeal of the abatement order and First Prestons filed a written response objecting to an interlocutory appeal.

An order granting a motion to abate is not identified in Section 51.014(a) as one of the interlocutory orders which may be appealed. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(1)-(10)(Vernon Supp. 2004–05). Pursuant to Section 51.014(d), a district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under Section 51.014 if the parties agree that the order involves a controlling question of law, an immediate appeal may materially advance the ultimate termination of the litigation, and the parties agree to the order. *See* Tex.Civ. Prac. & Rem.Code Ann. § 51.014(d). The trial court has not issued an order permitting an interlocutory appeal. Further, Section 51.014(d) does not authorize an appellate court to permit an interlocutory appeal. Accordingly, the Serranos' motion to permit interlocutory appeal of the abatement order is denied. In the absence of an appealable order, we lack jurisdiction of this appeal. Therefore, the appeal is dismissed.