In re the JOHN G. AND MARIE STELLA KENEDY MEMORI- AL FOUNDATION, Relator.

In re Frost National Bank, Former Ex- ecutor of the Estate of Elena Suess Kenedy, Deceased; Frost National Bank and Pablo Suess, Trustees of the John G. Kenedy, Jr. Charitable Trust; and the Missionary Oblate Fathers of Texas, Relators.

Nos. 04–0607, 04–0608.

Supreme Court of Texas.

Argued Sept. 29, 2005.

Decided April 16, 2010.

Mike A. Hatchell, Charles R. Watson Jr., Locke Lord Bissell & Liddell, LLP, Ray Chester, Thomas O. Barton, Austin, Jorge C. Rangel, The Rangel Law Firm, P.C., Jon D. Brooks, Richard L. Leshin, Welder, Leshin & Mahaffey, L.L.P., Bruce Sams Hawn, Welder Leshin Lorenz Mcniff Buchanan Hawn LLP, Richard J. Hatch, The Hatch Law Firm, Corpus Christi, for The John G. and Marie Stella Kenedy Memorial Foundation.

John W. Vinson, Bruce V. Griffiths, Asst. Attys. Gen., Susan K. Staricka, Office of the Atty. Gen., Austin, for The State of Texas.

Shannon H. Ratliff, Ratliff Law Firm, P.L.L.C., John Sjoberg, Jackson, Sjoberg, McCarthy & Wilson, LLP, Austin, for Exxonmobil Corporation/Exxonmobil Oil Corporation.

J.G. "Buster" Adami Jr., Adami, Paisley & Appell, P.C., Alice, J.A. (Tony) Canales, Tara Leigh Adami, Canales & Simonson, P.C., Corpus Christi, Stephen Jody Helman, Jeffrey T. Knebel, Osborne & Helman, L.L.P., Austin, Thomas H. Crofts Jr., Jacqueline M. Stroh, Crofts & Callaway, P.C., David Roy Nelson, Daniel McNeel Lane Jr., Akin Gump Strauss Hauer & Feld, L.L.P., San Antonio, for Relator.

Joseph Bonner Dorsey, Sam A. Westergren, Corpus Christi, Mark Schwartz, Michael C. McCrea, Dubois, Bryant, Campbell & Schwartz, LLP, Michele Anne Mobley, Dubois, Bryant & Campbell, LLP, Elana S. Einhorn, Austin, Deborah G. Hankinson, Hankinson Levinger LLP, Marcos G. Ronquillo, Godwin Ronquillo PC, Dallas, Richard P. Hogan Jr., Jennifer Bruch Hogan, Hogan & Hogan, L.L.P., Houston, for Real Party in Interest.

Justice GREEN delivered the opinion of the Court.

In these original proceedings, we consider whether the probate court abused its discretion by entering orders allowing the body of John G. Kenedy, Jr., to be exhumed for DNA testing to establish whether Ann M. Fernandez is Kenedy's non-marital child. We hold that it did, and we conditionally grant the writ of mandamus.

The relevant facts are set out in detail in *Frost National Bank v. Fernandez*, 315 S.W.3d 494 (Tex.2010). These mandamus cases arise out of probate court proceedings in which Fernandez seeks to establish herself as an heir to the estates of Kenedy and his sister, Sarita Kenedy East. In the probate court, Fernandez filed bill of review contests to estate administration proceedings and applications for declaration of heirship, which remain pending. She also filed three bills of review in the district courts seeking to set aside decades-old judgments. *See id.* at 496. Just as she argues in her district court bill of review cases, Fernandez argues in the probate court that Kenedy's will did not dispose of his real property, so she is entitled to recover her intestate share as an heir to that property. She also argues that, as an heir, she is entitled to a distribution from East's estate.

Fernandez filed a motion to exhume Kenedy's body for DNA testing pursuant to section 711.004 of the Texas Health and Safety Code. At that time, section 711.004(c) provided that if consent of certain persons cannot be obtained, "the remains may be removed by permission of the county court of the county in which the cemetery is located," so long as certain notice requirements are satisfied. TEX. HEALTH & SAFETY CODE § 711.004(c) (Vernon 2003) (amended in 2009 to instead require permission of a district court in the county in which the cemetery is located). In a letter accompanying his exhumation order, the probate court judge, Guy Herman, explained that although he believed section 711.004 did not require a finding of necessity or compelling reason, he nevertheless believed Fernandez's paternity allegation constituted a necessary or compelling reason for exhumation. Judge Herman declined to rule on pending motions for summary judgment, believing that the threshold question of Fernandez's standing had to be answered in the positive before subject-matter jurisdiction would attach.

The John G. and Marie Stella Kenedy Memorial Foundation and the John G. Kenedy, Jr. Charitable Trust[1] sought mandamus relief from Judge Herman's exhumation order. The court of appeals denied relief, and the Foundation and Trust then each filed a petition for writ of mandamus and motion for temporary relief in this Court. We granted the motions for temporary relief and stayed the probate court's exhumation orders, but later abated these mandamus cases pending appeals of the related district court cases in which summary judgments and anti-suit injunctions were granted against Fernandez.

The abatement was lifted after the court of appeals issued its opinions and judgments reversing the district court's summary judgment and anti-suit injunctions. *See* 51 Tex. Sup.Ct. J. 1407 (Sept. 26, 2008).

In a related case, we reinstated the district court's summary judgment that Fernandez take nothing in her bill of review seeking to set aside a decades-old judgment declaring that Kenedy died testate and with no surviving children. *Frost Nat'l Bank*, 315 S.W.3d at 502; *see also The John G. & Marie Stella Kenedy Mem'l Found. v. Fernandez*, 315 S.W.3d 512 (Tex.2010) (following *Frost National Bank* regarding East's estate). Because Fernandez's claims in the district court were direct attacks on an earlier judgment, and recognizing that the Texas Probate Code did not vest the probate court with jurisdiction when there was no pending estate or intestacy, we concluded that the district court had jurisdiction to render its judgment. *Frost Nat'l Bank*, 315 S.W.3d at 508. We also held that the discovery rule does not apply to bills of review in which non-marital children seek to set aside probate judgments, such that Fernandez's bill of review was barred by the statute of limitations. *Id.* at 497. Therefore, the original final judgments rendered by the district court are binding on Fernandez and preclude her from recovering as a Kenedy heir. *Id.* at 501; *see Ladehoff v. Ladehoff,* 436 S.W.2d 334, 336 (Tex.1968) (holding that a judgment admitting a will to probate is "binding upon the whole world and specifically upon persons who have rights or interest in the subject matter, and this is so whether those persons were or were not personally served").

---

1. Although there are multiple relators in cause 04–0608, we refer to those relators collectively as the Trust.

■■ A writ of mandamus will issue when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). Mandamus is proper if a trial court issues an order that exceeds its jurisdictional authority. *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000).

■■ As we held in *Frost National Bank* and *Kenedy Memorial Foundation,* Fernandez's bill of review claims in the district court are barred by limitations, and the original judgments regarding Kenedy's will and East's will are binding. *Frost Nat'l Bank,* 315 S.W.3d at 497; *Kenedy Mem'l Found.,* 315 S.W.3d at 513. Under those final judgments, Fernandez cannot establish intestacy as a basis for the probate court's jurisdiction. *See* TEX. PROB.CODE § 48(a) (permitting suit for declaration of heirship "[w]hen a person dies intestate"). Nor can the probate court assert jurisdiction based on matters incident to an estate when there is no open or pending probate matter to which Fernandez's heirship claim would be incident. *See Frost Nat'l Bank,* 315 S.W.3d at 506 (citing *Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 585 (Tex. 1993) ("A court empowered with probate jurisdiction may only exercise its probate jurisdiction over matters incident to an estate when a probate matter proceeding related to such matters is already pending in that court.")); *Schwartz v. Jefferson,* 520 S.W.2d 881, 889 (Tex.1975) ("The mere filing of a bill of review does not affect the finality of the judgment which is sought to be set aside."); *see also* TEX. PROB.CODE §§ 5(f), 5A. Although the merits of the probate court bills of review and applications for declaration of heirship are not yet before us, we can conceive of no alternative means by which Fernandez might suc-cessfully attack the final district court judgment which declared that Kenedy died without heirs and that any interest in property passed to his wife under the will. There being no final judgment to attack by bill of review in probate court, no possibility of intestacy under the binding final judgments, and no pending probate proceeding—the only possible bases by which Fernandez could establish jurisdiction in the probate court—the court lacked jurisdiction to enter any order other than to dismiss. *See State v. Morales,* 869 S.W.2d 941, 949 (Tex.1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss."). As a result, we conclude that the probate court's exhumation order was void. *See In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 641 (Tex.2009) (observing that orders made without jurisdiction are void). Because its order was void, the probate court's order constituted an abuse of discretion, and mandamus relief is appropriate without a showing that the relators lack an adequate appellate remedy. *See Sw. Bell Tel. Co.,* 35 S.W.3d at 605.

■ Even assuming, as Fernandez argues, that section 711.004 of the Texas Health and Safety Code could vest the probate court with jurisdiction over exhumation matters, we hold that in this case, allowing exhumation of Kenedy's body when Fernandez is barred from recovery, regardless of whether she is actually Kenedy's biological child, is an abuse of discretion. Being barred from claiming a property interest in the Kenedy or East estates, which was the basis for her claims in the probate court, Fernandez has no justiciable interest in the exhumation or genetic testing of Kenedy's body and thus lacks standing to pursue exhumation under section 711.004.[2] *See Yett v. Cook,*

---

**2.** Because we hold that Fernandez lacked    standing in this case, we do not need to

115 Tex. 205, 281 S.W. 837, 841 (1926) ("It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity."); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001) ("If a case becomes moot, the parties lose standing to maintain their claims."). And because of her lack of standing, the probate court lacks jurisdiction to act, even if section 711.004 might confer jurisdiction in another case. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex.2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it."). We have recognized that mandamus relief is appropriate to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential*, 148 S.W.3d at 136. Here, where Fernandez has no viable claim for an inheritance recovery and thus has no standing to seek exhumation for genetic testing, and where no other basis for exhumation has been shown, we conclude it was an abuse of discretion to order the exhumation of Kenedy's body, which has been buried and left undisturbed for more than 60 years.

For these reasons, we conditionally grant the writ of mandamus and order the probate court to vacate its orders relating to exhumation and to dismiss these cases. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (directing the trial court to vacate a void order); *Morales*, 869 S.W.2d at 949. The writ will issue only if the court does not do so.

Justice O'NEILL and Justice GUZMAN did not participate in the decision.

decide whether section 711.004 vests the probate court with jurisdiction to resolve disputes regarding exhumation rights. *But see Atkins v. Davis*, 352 S.W.2d 801, 802 (Tex.Civ. App.-Fort Worth 1961, no writ) (holding that only the district court has jurisdiction to determine controversies concerning the right to remove human remains). We note that section 711.004 has been amended, effective September 1, 2009, to now require exhumation permission from a district court, and not a county court. Tex. Health & Safety Code § 711.004(c) (Vernon Supp.2009). The parties argue about whether that change should be applied retroactively, but we do not need to reach that question. Additionally, we need

not decide whether, as Fernandez contends, Texas Probate Code section 53A, effective September 1, 2007, allows a statutory probate court to order an exhumation as long as the notice provisions of section 711.004 are satisfied. *See* Tex. Prob.Code § 53A (Vernon Supp. 2009) (providing that, on good cause shown, a probate court may order genetic testing of a deceased individual and, if necessary, order removal of remains as provided by section 711.004). Finally, we need not decide whether, as the probate court believed, a showing of necessity or compelling reason for exhumation is no longer necessary under section 711.004.