# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00504-CV

### The State of Texas, Appellant

### v.

### BFI Waste Services of Texas, LP, a Delaware Limited Partnership, Appellee

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GV-09-000021, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State of Texas, acting through the Office of the Attorney General, sued BFI Waste Services of Texas, LP, a Delaware Limited Partnership, as the legal successor to the tax liability of Texas Waste Systems, Inc., pursuant to section 111.020 of the tax code. *See* Tex. Tax Code Ann. § 111.020 (West 2008).[1] BFI Waste Services filed a plea to the jurisdiction, seeking

---

[1] Section 111.020 addresses tax collection after the termination of a business. *See* Tex. Tax Code Ann. § 111.020 (West 2008). Section 111.020 provides in relevant part:

(a) If a person who is liable for the payment of an amount under this title sells the business or the stock of goods of the business or quits the business, the successor to the seller or the seller's assignee shall withhold an amount of the purchase price sufficient to pay the amount due until the seller provides a receipt from the comptroller showing that the amount has been paid or a certificate stating that no amount is due.

(b) The purchaser of a business or stock of goods who fails to withhold an amount of the purchase price as required by this section is liable for

dismissal, on the ground that the State was required to issue a tax assessment from the Texas Comptroller of Public Accounts and provide an opportunity for an administrative hearing before bringing suit against BFI Waste Services under section 111.020. *See id.*

After a hearing, the district court granted BFI Waste Services' plea to the jurisdiction. In its order, the court found that it did not have subject matter jurisdiction and granted the plea, but it also ordered the cause abated to allow the Comptroller an opportunity to issue a determination pursuant to section 111.008 of the tax code and BFI Waste Services an opportunity to request a redetermination hearing pursuant to section 111.009 of the tax code. *See id*. §§ 111.008, .009 (West 2008). The State appealed, urging the district court erred in concluding it did not have subject matter jurisdiction. Conversely, BFI Waste Services now challenges this Court's jurisdiction to hear the State's appeal, contending that the district court's order is not a final judgment, but an interlocutory abatement order.

As an initial matter, this Court must first determine its own authority to act. Appellate courts have jurisdiction over appeals from final judgments, including dismissals based upon pleas to the jurisdiction, and from specific types of interlocutory orders designated by the legislature as appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Qwest Commc'ns Corp. v. AT&T Corp.*,

_____

the amount required to be withheld to the extent of the value of the purchase price.

*Id.* § 111.020(a), (b).

2

24 S.W.3d 334, 336 (Tex. 2000). An abatement order is not one of the specific types of interlocutory orders that the legislature has designated as appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Serrano v. Union Planter's Bank, N.A.*, 155 S.W.3d 381, 382 (Tex. App.—El Paso 2004, no pet.) (order granting motion to abate is interlocutory and not appealable); *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 496 (Tex. App.—Houston [14th Dist.] 1990, no writ) (order granting abatement not appealable). However, without jurisdiction, a trial court generally may not abate claims or take any other action as to those claims, other than dismissal. *See In re John G.*, 315 S.W.3d 519, 522 (Tex. 2010) (orders made without subject matter jurisdiction are void); *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006); *State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks [subject matter] jurisdiction, its only legitimate choice is to dismiss.").

Here the district court found that it did not have jurisdiction over the State's claims against BFI Waste Services and granted BFI Waste Services' plea to the jurisdiction. If the district court correctly determined that it did not have subject matter jurisdiction, it was without authority to abate the State's claims. *See In re John G.*, 315 S.W.3d at 522; *Long*, 207 S.W.3d at 338-39. The threshold issue then is the district court's jurisdiction to consider the State's claims, and, in this context, we conclude that we have jurisdiction. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) ("[I]t is the character and function of an order that determine its classification."). We deny BFI Waste Services' motion to dismiss the State's appeal for lack of jurisdiction.

We turn then to the primary question to be determined, whether the district court erred by granting BFI Waste Services' plea to the jurisdiction. We review a trial court's ruling on a plea

to the jurisdiction de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). "In an appeal from a plea to the jurisdiction, we 'review the face of [the plaintiff's] pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favor [] jurisdiction.'" *University Interscholastic League v. Southwest Officials Ass'n*, 319 S.W.3d 952, 956 (Tex. App.—Austin 2010, no pet.) (quoting *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.)).

The State, acting through the Office of the Attorney General, brought its claims against BFI Waste Services for "unpaid sales tax debt" of Texas Waste Systems pursuant to section 111.020 of the tax code and pleaded that the district court had jurisdiction pursuant to section 111.010 of the tax code. *See* Tex. Tax Code Ann. §§ 111.010 (West 2008), .020. Section 111.010 provides in relevant part that "[t]he attorney general shall bring suit in the name of the state to recover delinquent state taxes, tax penalties, and interest owed to the state" and that "[v]enue for and jurisdiction of a suit arising under this section is exclusively conferred upon the district courts of Travis County." *Id*. § 111.010(a), (c). Based upon the plain language of section 111.010 and the face of the State's pleadings, the attorney general properly brought its claims against BFI Waste Services for "delinquent state taxes" in the district court of Travis County, and the district court had jurisdiction over those claims. *See id.*; *Marks v. St. Luke's Episcopal Hosp*., 319 S.W.3d 658, 663 (Tex. 2010) (words in statute are "given their ordinary meaning unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results"); *Southwest Officials Ass'n*, 319 S.W.3d at 956.

Because we conclude that the district court had subject matter jurisdiction, we vacate its order granting BFI Waste Services' plea to the jurisdiction and remand for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Vacated and Remanded

Filed:   March 23, 2011