**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed February 6, 2013**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-01135-CV
_____

## IN RE AMERICAN NATIONAL COUNTY MUTUAL INSURANCE COMPANY AND AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CV0882 and 11CV0882-A**

---

## MEMORANDUM OPINION

On December 18, 2012, American National County Mutual Insurance Company and American National Lloyds Insurance Company ("Relators") filed a petition for writ of mandamus. *See* Tex. Gov't Code Ann. § 22.221. Relators ask this Court to order The Honorable Susan Criss, Judge of the 212th District Court of Galveston County, Texas, to set aside her order dated December 5, 2012, entered

in trial court cause number 11CV0882,[1] styled *Jennifer Avery, Individually and as Representative of the Estate of Brittiany Yuchnewicz v. Jonathan Hammond, Larry Hammond, and Terrie Hammond*. Relators assert the trial court abused its discretion in denying their plea to the jurisdiction. On January 24, 2013, Relators filed in this court an emergency motion for stay of the proceedings in the trial court. On January 25, 2013, that motion was granted and we ordered the proceedings of the court below be stayed only as to the claims against Relators. A response to the petition was requested. As of this date, none has been filed. We conditionally grant the writ.

Jennifer Avery filed suit against the Hammonds for two incidents, the second of which resulted in the death of her daughter, Brittiany Yuchnewicz. Avery subsequently amended her petition to include a declaratory judgment action against Relators, the Hammonds' insurers, to determine their obligation to indemnify the Hammonds. Relators filed a plea to the jurisdiction alleging the trial court lacked subject matter jurisdiction. After a hearing, the motion was denied.

Relators claim Avery lacks standing to initiate a declaratory judgment action against the defendants' insurance company because no finding that defendants are liable to Avery has been made. Relators assert the issues are not "ripe."

"A tort claimant has no direct claim against the tortfeasor's liability insurer until the insured tortfeasor is adjudged liable to the tort claimant." *Farmers Ins. Exchange v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App. - Houston [14th Dist.] 2012, pet. filed). Thus, until the Hammonds are adjudged liable to Avery, Avery has no direct claim against Relators. Although Avery is a third-party beneficiary of the Hammonds' insurance policy, she cannot enforce the policy directly against

---

[1] After the plea to the jurisdiction was denied, the trial court entered an order of severance.

Relators until it has been established, by final judgment or agreement, that the Hammonds have a legal obligation to pay damages to her. *Id.* Because there is currently no obligation for the Hammonds to pay Avery damages, Avery cannot demonstrate a reasonable likelihood that her claims against Relators will soon ripen in the case under review, and these claims must be dismissed for lack of subject-matter jurisdiction. *See id.* There can be no justiciable controversy regarding the insurer's duty to indemnify before a judgment has been rendered against an insured. *Id.*[2] We therefore find the trial court lacks subject matter jurisdiction as to Avery's claims against Relators.

Subject matter jurisdiction is never presumed and cannot be waived. *Tex. Ass'n of Business v. Air Control Bd.,* 852 S.W.2d 440 (Tex. 1993). A trial court has no discretion and must dismiss the case as a ministerial act when it lacks subject matter jurisdiction. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding). Mandamus is available where the trial court's action is void as a matter of law. *Lewis v. Leftwich,* 775 S.W.2d 848 (Tex.App.—Dallas 1989, orig. proceeding). We therefore find Relators are entitled to mandamus relief. *See also In re John G. and Marie Stella Kenedy Memorial Foundation*, 315 S.W.3d 519, 522 (Tex. 2010) (mandamus relief was appropriate in case in which trial court lacked jurisdiction because plaintiff had no standing).

---

[2] A declaratory judgment can be sought before liability is determined on the duty to defend. *English v. BGP Intern, Inc.* 174 S.W.3d 366, 371-72 (Tex. App. -- Houston [14th Dist.] 2005, no pet.). However, a declaratory judgment on the duty to indemnify is only justiciable "when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in the original). This case is not within the exception.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to set aside her December 5, 2012 order, and enter an order granting the plea to the jurisdiction and dismissing the case. The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.