Opinion issued May 15, 2025



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00883-CV

————————————

**DIEGO RAOUL GODING, Appellant**

**V.**

**MARGO DEHOYOS, Appellee**

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-20442**

## MEMORANDUM OPINION

Appellant Diego Raoul Goding, who is proceeding pro se, is attempting to appeal from an order signed November 3, 2024, denying Goding's request for a de novo hearing. We dismiss.

An order denying a request for a de novo hearing is not an appealable order. *See In re G.S.C., A Child*, No. 14-20-00815-CV, 2021 WL 244954, at *1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, no pet.) (mem. op.). Generally, appeals may be taken only from final judgments. *See Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). If the order appealed does not dispose of all parties and claims, it is interlocutory and not appealable until after a final judgment is signed unless a statute provides for interlocutory appeal. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). No statute provides for appeal from an interlocutory order denying a request for a de novo hearing.

Because Goding advised the Court that he elected to file an appendix in lieu of a clerk's record, as provided by Texas Rule of Appellate Procedure 34.5a(a), the Court lacked a clerk's record containing the order Goding is attempting to appeal. On April 15, 2025, the Court ordered a supplemental clerk's record containing the November 3, 2025 order and the supplemental clerk's record was filed on April 24, 2025. Goding filed his appendix in lieu of a clerk's record on May 12, 2025.

The Court issued a notice to Goding on March 18, 2025, advising that the appeal might be dismissed for lack of jurisdiction unless he established that the Court has jurisdiction. Goding filed a response on April 28, 2025, in which he admitted the November 3, 2024 order is interlocutory but complained that the trial court is refusing to move forward on his modification request. Goding alternatively asks

that we grant mandamus relief, but his petition for writ of mandamus was denied by opinion issued November 5, 2024. Finally, Goding asks that we dismiss the appeal without prejudice so that he can appeal when the trial court issues a final judgment. The Court does not dismiss without prejudice but the dismissal of this appeal of an interlocutory judgment does not preclude appellant from appealing from a final judgment once one is rendered.

Because Goding is appealing from an interlocutory order for which appeal is not authorized by statute, this Court lacks jurisdiction. *See Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2025, no pet.). When we lack jurisdiction, "our only legitimate option is to dismiss." *In re John G. and Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 522 (Tex. 2010) (quoting *State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994)).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.