**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-25-00575-CV**

_____

**IN RE AMERICAN RISK INSURANCE COMPANY, INC., Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, American Risk Insurance Company, Inc., filed a petition for writ of mandamus challenging the trial court's July 11, 2025 order denying its amended motion to dismiss, filed pursuant to Texas Rule of Civil Procedure 91a. Relator moved for dismissal of the causes of action asserted by real parties in interest, Moses

Francis and Christie Francis, in the underlying lawsuit.[1]  Relator's mandamus petition argued that the trial court "abused its discretion by denying [relator's] Motion to Dismiss and permitted [real parties in interest] to proceed on causes of action expressly foreclosed upon by Texas precedent and the contractual appraisal process."  Relator, therefore, requested that the Court issue a writ of mandamus directing the trial court to "vacate its order denying [relator's] Motion to Dismiss."

In connection with its petition for writ of mandamus, relator also filed an "Amended Unopposed Motion for Temporary Stay."  In its motion, relator requested that trial court proceedings be stayed pending the resolution of its petition for writ of mandamus.  The Court granted relator's motion and stayed the trial court proceedings.

We further requested a response to the petition for writ of mandamus, and real parties in interest filed a response to the mandamus petition.  Relator also filed a reply in support of its petition.

We lift the stay imposed by our August 5, 2025 order and conditionally grant relator's petition for writ of mandamus.

---

[1]    The underlying case is *Moses Francis and Christie Francis v. American Risk Insurance Co., Inc.*, Cause No. 2024-60619, in the 164th District Court of Harris County, Texas, the Honorable Cheryl Elliott Thornton presiding.

## Background

Real parties in interest obtained an insurance policy, issued by relator, covering a residential property located at 715 Beckets Crossing Lane, Spring, Texas 77373 (the property). The relevant coverage period for the policy was June 12, 2022 through June 12, 2023. The underlying litigation arose out of a claim made under the policy by real parties in interest in connection with a water leak from a washing machine, causing an alleged loss at the property. According to the claim, submitted by real parties in interest on or around February 10, 2023, the alleged loss occurred on February 6, 2023.

After receiving the claim, relator assigned investigation of the claim to an independent adjuster. The independent adjuster first inspected the alleged loss at the property on February 15, 2023. In a February 16, 2023 letter to real parties in interest, the independent adjuster notified real parties in interest that the file "remain[ed] open," because the independent adjuster was "waiting for the plumber's report to be obtained by [real parties in interest]." On March 3, 2023, relator notified real parties in interest that no final determination had been made on the claim and relator was "continu[ing] to investigate [the] claim." After receiving the plumber's report from real parties in interest, on May 15, 2023, relator provided an adjuster's estimate of the damage and issued a payment on the claim to real parties in interest in the amount of $9,500.51.

On August 30, 2023, real parties in interest, through counsel, sent a pre-suit demand letter to relator demanding $38,719.17 for actual damages and $750.00 in attorney's fees. In response to the pre-suit demand letter, relator conducted a new inspection of the property, and on October 5, 2023, relator issued an additional payment of $12,774.36, as well as a payment of $1,064.65 for statutory interest and $1,000.00 for attorney's fees.

Despite these payments by relator, on December 19, 2023, real parties in interest invoked appraisal as provided by the policy and designated their chosen independent appraiser. Relator also designated its appraiser.

An appraisal award form, signed by the appraiser appointed by real parties in interest on July 1, 2024, and the appraisal umpire on June 26, 2024, was issued. The appraisal award concluded that the replacement cost for the covered damage was $56,934.65. On July 23, 2024, relator issued an actual cash value payment to real parties in interest of $20,505.38, representing the replacement value as determined by the appraisal award, minus relator's prior payments, depreciation, and the deductible required by the policy. Relator also paid statutory interest in the amount of $4,479.70.

On September 9, 2024, real parties in interest filed their suit against relator alleging that relator violated chapters 541 and 542 of the Texas Insurance Code, specifically alleging that relator:

4

- Refused to pay their claim without conducting a reasonable investigation with respect to the claim;[2]

- Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim for which relator's "liability has become reasonably clear";[3]

- Failed to affirm or deny coverage within a reasonable time;[4]

- Failed to promptly provide real parties in interest a reasonable explanation of the basis in the policy for the denial of a claim or offer of a compromise settlement of a claim;[5]

- Failed to timely acknowledge receipt of the claim of real parties in interest and to commence investigation of the claim;[6]

- Failed to timely provide written notice to real parties in interest if it was accepting or rejecting the claim;[7] and

- Unreasonably delayed payment on the claim of real parties in interest.[8]

Relator filed its answer on October 11, 2024, and moved for dismissal of real parties in interest's claims pursuant to Texas Rule of Civil Procedure 91a on November 14, 2024. On January 8, 2025, real parties in interest amended their suit, adding a cause of action for breach of the common law duty of good faith and fair dealing. On January 9, 2025, real parties in interest filed their response in opposition

---

[2]    *See* TEX. INS. CODE ANN. § 541.060(a)(7).

[3]    *See id.* at § 541.060(a)(2)(A).

[4]    *See id.* at § 541.060(a)(4)(A).

[5]    *See id.* at § 541.060(a)(3).

[6]    *See id.* at § 542.055.

[7]    *See id.* at § 542.056.

[8]    *See id.* at § 542.058.

to relator's rule 91a motion to dismiss. On January 17, 2025, relator filed an amended rule 91a motion to dismiss.

In its amended motion to dismiss, relator argued that the amended petition of real parties in interest "failed to set forth the most basic factual assertions underlying their causes of action, leaving [relator] to guess the alleged harm sustained and what it [was] being accused of." Additionally, relator argued it was entitled to dismissal because all claims asserted by real parties in interest had "no basis in law or fact" because relator "timely paid the appraisal award in full."

Relator's amended rule 91a motion was initially set on the trial court's submission docket for February 10, 2025; however, it was later set for oral argument, to occur virtually, on July 2, 2025. On July 11, 2025, the trial court signed an order denying relator's amended rule 91a motion to dismiss. Relator filed its petition for writ of mandamus challenging the trial court's order.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relator establishes that the trial court abused its discretion or violated a legal duty imposed by law, and the party has no adequate remedy at law. *See id.*; *see also In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005). A trial court clearly abuses its discretion where it "reaches a

6

decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *See In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

With respect to whether a relator has an adequate remedy, generally, "[m]andamus should not issue to correct grievances that may be addressed by other remedies." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009). However, the "adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). In balancing these interests, "mandamus relief is appropriate to spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re John G. & Marie Stela Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010).

The Texas Supreme Court has held that where a trial court erroneously denies a rule 91a motion to dismiss, "mandamus relief is appropriate to spare the parties and the public the time and money spent on fatally flawed proceedings." *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014); *see also In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 276–77 (Tex. 2021) (concluding relator entitled to mandamus relief from trial court's denial of rule 91a motion to dismiss cause of action that was "not permitted" by law); *In re Houston Specialty Ins. Co.*, 569

7

S.W.3d 138, 141–42 (Tex. 2019) (concluding relator lacked adequate remedy by appeal where trial court erroneously denied rule 91a motion to dismiss "[a] legally invalid lawsuit").

**Motion to Dismiss**

In its petition for writ of mandamus, relator argued that the trial court abused its discretion by denying its amended rule 91a motion to dismiss because "Texas law plainly states that payment of an appraisal award constitutes full compliance with the contract," and the "effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract." And, absent an "independent injury, which [real parties in interest] failed to plead," payment of the appraisal award "should have concluded the coverage dispute."

Relator further argued that it lacked an adequate remedy at law because "the trial court's decision force[d] [relator] to litigate extracontractual causes of action that [were] foreclosed by Texas case law." Texas Supreme Court precedent is clear that "mandamus relief is appropriate to spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings," such as when a trial court erroneously denies a rule 91a motion. *See In re Essex Ins. Co.*, 450 S.W.3d at 258.

We agree that the trial court abused its discretion by denying relator's rule 91a motion to dismiss, and that relator lacks an adequate remedy at law. Accordingly, we conditionally grant relator's petition for writ of mandamus.

**A.    *Rule 91a Standard***

Rule 91a permits a party to move for early dismissal of a cause of action on the ground that it has "no basis in law or fact." *See* TEX R. CIV. P. 91a.1; *see also Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). A cause of action has no basis in law if the allegations, taken as true, together with any inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *See Bethel*, 595 S.W.3d at 654. A cause of action has no basis in fact if no reasonable person could believe the facts as pleaded. *Id.*

In a review from a trial court's decision on a rule 91a motion to dismiss, we may not consider any evidence. *See In re First Reserve Mgmt., L.P.*, 671 S.W.3d 653, 659 (Tex. 2023). Instead, our determination is based solely on the substance of the rule 91a motion, the plaintiffs' live pleadings, and any pleading exhibits permitted by the Texas Rules of Civil Procedure. *Id.* at 660.

In its mandamus petition, relator argued that the trial court erred by denying its amended rule 91a motion to dismiss because the causes of action asserted by real parties in interest lacked a basis in law or fact as the causes of action were barred due to relator's payment of the appraisal award under the policy.

9

**B.**     *Payment of Appraisal Award*

Relator's petition sets forth a relatively straight forward argument: real parties in interest made a claim for an alleged loss under their policy; relator made payments on that claim; not satisfied with the claim payments made by relator, real parties in interest invoked appraisal under the policy; an appraisal award was issued in accordance with the terms of the policy; and relator paid the appraisal award. As noted above, in their suit against relator, real parties in interest alleged that relator violated chapters 541 and 542 of the Texas Insurance Code, then later amended their suit, adding a cause of action against relator for breach of the common law duty of good faith and fair dealing.

Given these circumstances, relator argued that, under Texas law, absent an independent injury, payment of an appraisal award forecloses an insurer's liability for common law and statutory bad faith. *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019) (holding insurer's payment of appraisal award "bar[red] the insured's common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits").

In response, real parties in interest argued that the prohibition against double-recovery in insurance disputes does not apply in this situation because section 541.453 of the Texas Insurance Code "limits application of the common-law rule prohibiting double recovery for purposes of the statute to allow an insured to

10

damages under the statute and another law unless those damages are for the same prohibited act or practice." The Insurance Code section relied on by real parties in interest, states, in full, that "[a] person may not recover damages and penalties for the same act or practice under both this chapter and another law." TEX. INS. CODE ANN. § 541.453. Stated more plainly, real parties in interest argued that, pursuant to section 541.453, they were entitled to both contractual damages—the appraisal award—and statutory damages under the Insurance Code.

## C. *Entitlement-to-Benefits Rule and Independent Injury*

In support of their argument, real parties in interest assert that the "entitlement-to-benefits rule" allows them to recover statutory damages, despite that the appraisal award has been paid by relator. The Texas Supreme Court concluded that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). However, this reliance on *Menchaca* has a fatal flaw that is not addressed by real parties in interest: in *Menchaca*, unlike here, appraisal was not invoked by any party, let alone paid. *See id.* at 485 n.2 ("Although the policy provided for an appraisal process to resolve disputes over the amount of covered losses, it appears that neither party ever invoked that alternative method for resolving this dispute."). Where, as here, the insurer pays the appraisal

award, the insured receives "all benefits [they were] entitled to receive under the policy," and therefore "cannot satisfy the entitlement-to-benefits rule." *See Bonner v. Allstate Vehicle and Prop. Ins. Co.*, No. 3:23-CV-158, 2024 WL 718202, at *3 (S.D. Tex. Jan. 3, 2024) (mem. op. and order).

Accordingly, we conclude that real parties in interest are not entitled to double recovery under the "entitlement-to-benefits rule," and that, absent an independent injury, relator's payment of the appraisal award foreclosed any further damages owed to real parties in interest. *See Ortiz*, 589 S.W.3d at 135 ("Because Ortiz seeks no actual damages other than the policy benefits paid in accordance with the policy's appraisal provision, he may not maintain a bad faith claim under either the common law or chapter 541.").

Texas law provides that, while payment of an appraisal award generally forecloses further recovery for actual damages for policy benefits, an insured may be entitled to "recover damages for a statutory violation that causes an injury independent from the loss of the benefits." *Id.* at 134; *see also Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794 (Tex. 2020) (discussing holding in *Ortiz* that "payment of an appraisal award forecloses an insurer's liability for breach of contract and common-law and statutory bad faith unless the insured suffered an independent injury").

"[I]f an insurer's statutory violation causes an injury independent of the insured's right to recovery policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits." *Menchaca*, 545 S.W.3d at 499. However, "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." *Id.* at 500. Here, the mandamus record presented to the Court indicates that the causes of action asserted by real parties in interest in the trial court, outlined above, arise out of relator's conduct with regard to payment on the claim made under the policy. Real parties in interest did not attempt to establish, either to the trial court or this Court, that they sustained an independent injury which would entitle them to further damages. *See Ortiz*, 589 S.W.3d at 135 (while "express[ing] no opinion on whether such damages would be independent from the loss of [policy] benefits," noting that Ortiz did "not seek to recover any 'actual damages' he claim[ed] were 'caused by' State Farm's Insurance Code violations," such as alleging that State Farm's "unreasonable investigation caused additional damage to his home").

Accordingly, we conclude that because real parties in interest seek no actual damages other than the policy benefits paid in accordance with the policy's appraisal provision, their causes of action asserted in the trial court have no basis in law, and the trial court abused its discretion in denying relator's amended rule 91a motion to dismiss.

13

***D.    Adequate Remedy at Law***

Relator further argued that it lacked an adequate remedy at law from the trial court's abuse of discretion.  The Texas Supreme Court has been clear that, where a trial court wrongfully denies a Rule 91a motion to dismiss, mandamus relief is available.  *See In re Essex Ins. Co.*, 450 S.W.3d at 526; *In re Houston Specialty Ins. Co.*, 569 S.W.3d 138, 141–42 (Tex. 2019) ("The only question remaining is whether a traditional appeal after final judgment provides [relator] an adequate remedy. . . We hold that it does not.").  Whether a remedy, alternative to mandamus relief, is adequate, "must be determined by balancing the benefits of mandamus review against the detriments."  *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008).

Texas courts have concluded that mandamus relief is appropriate to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings."  *In re Essex*, 450 S.W.3d at 528.  Here, we conclude that mandamus relief is appropriate to spare the parties and the public the time and money spent on fatally flawed proceedings where the trial court should have granted relator's amended rule 91a motion to dismiss.

**Conclusion**

We conclude that, because relator paid the appraisal award and real parties in interest alleged no injury independent of policy benefits, the causes of action

asserted by real parties in interest against relator have no basis in law and conditionally grant mandamus relief. We therefore lift the stay imposed by our August 5, 2025 order, direct the trial court to vacate its July 11, 2025 "Order Denying [Relator's] First Amended Rule 91a Motion to Dismiss," and to enter an order granting relator's amended rule 91a motion, dismissing the causes of action alleged by real parties in interest.

We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Guiney.

15